**That UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TDM ENTERPRISES, INC.

*a Minnesota Corporation*,                                  Civil No. 24-328 (JRT/DJF)

                              Plaintiff,

                                                    **ORDER GRANTING IN PART AND**
v.                                                  **DENYING IN PART DEFENDANT'S**
                                                    **MOTION TO DISMISS**

ASHLEY FURNITURE INDUSTRIES, LLC,

                              Defendant.

---

Adam J. Glazer and Adam C. Maxwell, **SCHOENBERG FINKEL BEEDERMAN BELL GLAZER, LLC**, 300 South Wacker Drive, Suite 1500, Chicago, IL 60606, and Keith A. Marnholtz, **ECKBERG LAMMERS, P.C.**, 1809 Northwestern Avenue, Stillwater, MN 55082, for Plaintiff.

C J Schoenwetter and Tamara L. Rollins, **BOWMAN & BROOKE LLP**, 150 South Fifth Street, Suite 3000, Minneapolis, MN 55402, for Defendant.

Plaintiff TDM Enterprises, Inc. ("TDM") alleges that Defendant Ashley Furniture Industries, LLC ("Ashley") improperly terminated their sales representative agreement in violation of Minnesota Law.  Because the parties executed an arbitration agreement with a delegation clause, the Court finds their disputes must be resolved in arbitration.  Accordingly, the Court will stay this action pending arbitration.

**BACKGROUND**

TDM, an independent sales representative, distributed Ashley's furniture for approximately 12 years.  (Notice of Removal ¶ 1, Ex. 1 ("Compl.") ¶¶ 2, 4, 17, Feb. 5, 2024,

Docket No. 1.)  Ashley and TDM executed their most recent contract in the beginning of 2022 to continue their relationship for an additional year.  (*Id.* ¶¶ 7–8.)  The contract included an arbitration clause that counseled, in part:

> Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including those based, in whole or in part, on an applicable statute, regulation, ordinance, or public policy, and the determination of the scope or applicability of this Agreement to arbitrate, shall be determined by final and binding arbitration before a single arbitrator, except that any dispute regarding the waiver of class, collective and representative actions shall be determined by a court having jurisdiction over the dispute. Each party waives its right to have these or other matters heard by a judge or jury.

(Compl. ¶ 7, Ex. A ("2022 Contract") ¶ 19, Feb. 5, 2024, Docket No. 1-1.)  The contract also included a venue clause:

> Any legal suit, action or proceeding arising out of or related to this Agreement shall be instituted exclusively in the federal courts of the United States or the courts of the State of Florida in each case located in or near the County of Hillsborough, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

(*Id.* ¶ 21.)

Just short of a year into the agreement, in November 2022, Ashley informed TDM that it would not renew the parties' contract in 2023.  (Compl. ¶ 19.)

TDM then brought a lawsuit, alleging that Ashley violated the Minnesota Termination of Sales Representatives Act ("MTSRA") by failing to provide the statutory 90-day notice of non-renewal and by terminating the parties' agreement without good

cause.  (*Id.* ¶¶ 20–21.)  Ashley now moves to dismiss, arguing, in part, that this action and any threshold questions of arbitrability belong in arbitration.  (*See* Mem. Supp. Mot. Dismiss at 16–17, Feb. 12, 2024, Docket No. 7.)  In the alternative, Ashley asks the Court to enforce the forum selection clause and transfer this action to the Middle District of Florida.  (*Id.* at 32–35.)

## DISCUSSION

### I.    STANDARD OF REVIEW

The parties debate whether the Court should evaluate Ashley's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).  Because "an arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction," Rule 12(b)(1) does not apply, and the Court will proceed under Rule 12(b)(6).  *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 880–81 (8th Cir. 2017).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court construes the Complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the Complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550

-3-

U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 386 (1986)), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the motion to dismiss stage, the Court may consider the allegations in the Complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).  The Court may also consider matters of public record and exhibits attached to the pleadings, so long as those documents do not conflict with the Complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.   ANALYSIS

The parties agreed that an arbitrator would decide questions of arbitrability.  TDM nonetheless argues judicial resolution is appropriate because the parties never executed a valid arbitration agreement and, even if they did, an arbitration agreement would run afoul of the MTSRA's anti-waiver provisions.  The Court will reach only TDM's first contractual argument.  Because the contractual issue goes to the question of consent to arbitrate, its resolution may not be delegated to an arbitrator.  The MTSRA argument, on the other hand, falls within the scope of the delegation clause.

## A.     Delegation Clause

"[T]he question of who decides arbitrability is itself a question of contract.  The [Federal Arbitration] Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019) (citing *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010)).  At the same time, courts maintain a role when there is a question about the validity of a delegation clause, such as when a party challenges consent to arbitrate.  *See Coinbase v. Suski*, 144 S.Ct. 1186, 1194 (2024); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 n.6 (2010) ("[A]rbitration is strictly a matter of consent.").  Thus, if a party alleges it did not delegate arbitrability, a court must adjudicate that contention before sending any remaining arbitrability questions to an arbitrator.  *Coinbase*, 144 S.Ct. at 1194.

TDM argues that there is no agreement to arbitrate because the arbitration clause, including the delegation provision, conflicts with the forum selection clause.  The arbitration clause directs all disputes to JAMS, while the forum selection clause directs all disputes to the Middle District of Florida.  The incompatible provisions, TDM reasons, show there was no meeting of the minds.

That is precisely the kind of argument that needs to be settled in court, not arbitration.  *See Coinbase*, 144 S.Ct. at 1192 ("[T]he first question in any arbitration dispute must be: What have these parties agreed to?").  *Coinbase* is directly on point.  There, too, the plaintiff argued that there was no agreement to arbitrate because there

was both an arbitration agreement with a delegation clause and a forum selection clause.

*Id.* at 1190–91.  The Supreme Court held that a court needed to resolve that arbitrability

argument:

> Arbitration is a matter of contract and consent, and we have
> long held that disputes are subject to arbitration if, and only
> if, the parties actually agreed to arbitrate those disputes.
> Here, then, before either the delegation provision or the
> forum selection clause can be enforced, a court needs to
> decide what the parties have agreed to—i.e., which contract
> controls.

*Id.* at 1191.  Accordingly, the Court will proceed to the merits of TDM's contract-based

arbitrability arguments.

### B.    Conflicting Clauses

"[C]ourts 'should not assume that the parties agreed to arbitrate arbitrability

unless there is clear and unmistakable evidence that they did so.'"  *Henry Schein*, 586 U.S.

at 72 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)) (cleaned

up).  Because Ashley demonstrates that the parties clearly and unmistakably agreed to

arbitrate, the Court finds the parties agreed to arbitration, including over questions of

arbitrability.

Courts routinely hold that arbitration and forum selection clauses are not

inherently inconsistent and may be simultaneously enforced.[1]  *Cf.* Restatement (Second)

---

[1] *See, e.g.*, *Glen Martin Eng'g, Inc. v. Huawei Techs. Jamaica Co.*, No. 09-4083, 2010 WL 318504, at *2–3 (W.D. Mo. Jan. 20, 2010) (citing *Bank Julius Baer & Co. v. Waxfield Ltd.*, 424 F.3d 278, 284–85 (2ᵈ Cir. 2005); *Pers. Sec. & Safety Sys., Inc. v. Motorola Inc.*, 297 F.3d 388, 395–96

of Contracts § 203(a) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.").  For example, a forum selection clause "can be read in harmony with [an] arbitration agreement" if it is "consistent with an intent to address post-arbitration litigation" in the designated forum.  *Glen Martin Eng'g, Inc. v. Huawei Techs. Jamaica Co.*, No. 09-4083, 2022 WL 318504, at *3 (W.D. Mo. Jan. 20, 2010). Likewise, a forum selection clause may be harmonized if read to apply to disputes falling outside the agreement to arbitrate.  *Americas Ins. Co. v. Moreno*, No. 15-3696, 2015 WL 7458610, at *2 (E.D. La. Nov. 24, 2015).

Such harmonization is possible here.  The arbitration clause carved out a class of disputes to be resolved in court rather than arbitration.  (*See* 2022 Contract ¶ 19 ("[A]ny dispute regarding the waiver of class, collective and representative actions shall be determined by a court having jurisdiction over the dispute.").)  In context, the forum selection clause establishes a venue to resolve non-arbitrable disputes and engage in post-arbitration litigation.  And common sense counsels against reading the forum selection clause, which says nothing about arbitration, to undermine the arbitration clause on the question of arbitrability. *See Luis v. RBC Cap. Mkts., LLC*, 984 F.3d 575, 579 (8th Cir. 2020) (Minnesota law requires courts to "read contract provisions in context with

---

(5th Cir. 2002); *Patten Secs. Corp. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 407 (3d Cir. 1987)); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016); *Americas Ins. Co. v. Moreno*, No. 15-3696, 2015 WL 7458610, at *2 (E.D. La. Nov. 24, 2015).

all other relevant provisions and use common sense in interpreting language.")
(quotations omitted); *Northport Health Servs. of Ark., LLC v. Posey*, 930 F.3d 1027, 1030
(8th Cir. 2019) (courts look to forum state's contract law to determine validity of
arbitration agreement).

### C.   MTSRA

TDM also argues that an arbitration agreement would violate the MTSRA, which
allows sales representatives to bring "claims in a court of law" and forbids contracts that
"circumvent compliance with this section by including in a sales representative
agreement a term or provision" that effects "a waiver of any provision of this section."
Minn. Stat. § 325E.37 subds. 5(a), 7(a), (a)(3).  The statutory issue goes to arbitrability, but
unlike the contractual argument, it does not implicate the parties' consent to arbitrate.
Accordingly, TDM's statutory argument falls under the general rule that parties may
delegate questions of arbitrability, leaving it for an arbitrator, not the Court, to decide
whether the MTSRA forbids arbitration, and if so, whether the FAA preempts it.  *See Henry
Schein*, 586 U.S. at 65.

### D.   Stay

The Supreme Court's recent opinion in *Smith v. Spizzirri* makes clear that, having
found this dispute arbitrable, the Court's only option is to stay the action.  601 U.S. 472,
478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and
a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the

proceeding."). The Court has no discretion to dismiss the action solely based on arbitrability. *Id.* at 474, 477–78.[2]

However, there is one wrinkle: Neither party asks the Court to compel arbitration. Absent a request from the parties, the Court will not compel them to engage in arbitration. At the same time, the Court finds that a stay is appropriate and assumes TDM will institute an arbitration proceeding. Should TDM decline to proceed before an arbitrator, Ashley may move the Court to lift its stay and dismiss this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Because this action presents an arbitrable dispute, the Court will stay this action. The Court will forego resolution of all other issues, including Ashley's alternative motion to transfer, unless and until the Court lifts its stay.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] Ashley contends that, because of the forum selection clause, the Court lacks jurisdiction to compel arbitration and can thus dismiss, rather than stay, this action. *See Smith*, 601 U.S. at 475–76 n.2; *St. Paul Fire & Marine Ins. v. Courtney Enters., Inc.*, 270 F.3d 621, 624 (8th Cir. 2001). But neither party asks the Court to compel arbitration. Even if, *arguendo*, the Court lacked jurisdiction to compel arbitration, that is not grounds to dismiss this action when neither side has requested that relief.

1. Defendant's Motion to Dismiss or for Alternative Relief [Docket No. 5] is

   **GRANTED in part and DENIED in part**; and

2. This action is **STAYED** until further order of the Court.


DATED:  July 25, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge